UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RAY THOMAS,

        Plaintiff,

v.                                                    Case No. 25-cv-12758
                                                      HON. MARK A. GOLDSMITH

DULLOCK, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Michigan prisoner Michael Ray Thomas filed a complaint against Michigan Department of Corrections (MDOC) employees Mailroom Employee Dullock, Prison Counselor Trine, Warden Floyd, Grievance Coordinator Flynn, Unknown Warner, and Deputy Director Jeremy Bush. Compl. (Dkt. 1). The Court has reviewed the complaint and concludes that it will be dismissed, in part, for failing to state a legally cognizable claim pursuant to the screening standards under 28 U.S.C. § 1915A.

**I.    BACKGROUND**

The incidents giving rise to Thomas's claims occurred during his incarceration at the Cooper Street Correctional Facility in Jackson, Michigan. On April 15, 2025, Thomas's mother mailed him four books from an MDOC approved vendor, Barnes and Noble: <u>How to Invest in the Stock Market</u>, <u>How to Make Money in Stocks</u>, <u>Investing for Beginners</u>, and <u>Mutual Funds Investing for Beginners</u>. Compl. at PageID.5. On April 22, 2025, Thomas received a Notice of Package/Mail Rejection indicating that all four books were rejected by Defendant Dullock. <u>Id.</u> Thomas states that the books were rejected under the prison policy that "prisoners are prohibited from receiving mail that may pose a threat to the security, good order, or discipline of the facility;

facilitate or encourage criminal activity or interfere with the rehabilitation of the prisoner." Id. at PageID.6. The notice also stated that the mail was prohibited for the purpose of operating a business enterprise while in the facility. Id.

After reviewing the notice, Thomas requested a hearing. Id. Thomas challenged the rejection of the books, arguing that he was presently earning a degree in business administration and sought to open a business upon his release from prison. Id. at PageID.7. The hearing report concluded that the books were prohibited because "[P]risoner shall not be permitted to purchase or order goods or services on a credit or cash-on delivery (i.e., C.O.D.) basis. Prisoner shall not possess accounts at financial institutions or use credit cards." Id. at PageID.8. Thomas appealed the hearing report and filed various grievances on the issue.

In his complaint, Thomas states that Defendants violated his First Amendment rights because the rejected mail does not violate any MDOC policies. He sues Defendants in their individual and official capacities. He seeks monetary and injunctive-type relief.

## II.     LEGAL STANDARD

Thomas is proceeding without prepayment of the fees and costs in this action. Under the Prison Litigation Reform Act of 1996 (PLRA), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable

basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992).

A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520–521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (punctuation modified). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. Id. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (punctuation modified). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (punctuation modified). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (punctuation modified).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (i) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (ii) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155–157 (1978). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at

3

676 (punctuation modified).

### III. DISCUSSION

#### A. Denial of Grievances

The Court construes Thomas's complaint to assert constitutional claims regarding the denial and/or rejection of his grievances against Defendants Flynn and Warner. After the appeal, Thomas filed a Step I grievance, which was rejected by Defendant Flynn. Thomas's Step II grievance was denied by Warden Floyd. Defendant Warner denied the Step III grievance appeal.

To the extent Thomas challenges the grievance process, he has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. See Hewitt v. Helms, 459 U.S. 460, 467 (1983); Walker v. Mich. Dep't of Corr., 128 F. App'x 441, 445 (6th Cir. 2005); Argue v. Hofmeyer, 80 F. App'x 427, 430 (6th Cir. 2003); Young v. Gundy, 30 F. App'x 568, 569–570 (6th Cir. 2002); Carpenter v. Wilkinson, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. See Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Keenan v. Marker, 23 F. App'x 405, 407 (6th Cir. 2001); Wynn v. Wolf, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Thomas has no liberty interest in the administrative grievance process, Defendants' conduct could not be said to have deprived him of due process.

To the extent alleged, Thomas's First Amendment right to petition the government was not violated by Defendants' rejection or denial of his grievances. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." Apple v. Glenn, 183 F.3d 477, 479 (6th

4

Cir. 1999); see also Minnesota State Bd. for Cmty. Colls. v. Knight, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond).

Finally, Defendants' actions (or inactions) have not barred Thomas from seeking a remedy for his complaints. See Cruz v. Beto, 405 U.S. 319, 321 (1972). Indeed, Thomas's ability to seek redress is underscored by his pro se invocation of the judicial process. See Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982).

In light of the foregoing, the Court finds that Thomas fails to state any claim against Defendants based on their handling of his grievances. Accordingly, Defendants Flynn and Warner are dismissed from the Complaint.

B. Remaining Claims

Thomas contends that the rejection of his incoming books violated his First Amendment rights. A prisoner's right to receive mail is protected by the First Amendment." Knop v. Johnson, 977 F.2d 996, 1012 (6th Cir. 1992) (citing Pell v. Procunier, 417 U.S. 817, 822 (1974)). "Mail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." Al-Amin v. Smith, 511 F.3d 1317, 1333 (11th Cir. 2008) (citing City of Cincinnati v. Discovery Network, Inc., 507 U.S. 410, 427 (1993) ("[T]he use of the mails is as much a part of free speech as the right to use our tongues.") (punctuation modified); King v. Fed. Bureau of Prisons, 415 F.3d 634, 638 (7th Cir. 2005) ("Freedom of speech is not merely freedom to speak; it is also freedom to read."). A prisoner, however, retains only those First Amendment freedoms which are "not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections systems." Martin v. Kelley, 803 F.2d 236, 240 n.7 (6th Cir. 1986) (punctuation modified) (quoting Pell, 417 U.S. at 822 (1974).

To determine whether prison restrictions on mail, including books and letters, are reasonably related to a legitimate penological interest, the Court must assess the restriction by reference to the following factors: (i) whether there exists a valid, rational connection between the prison regulation and the legitimate governmental interest; (ii) whether there remain alternative means of exercising the right; (iii) the impact that accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (iv) whether there are ready alternatives available that fully accommodate the prisoner's rights at de minimis cost to valid penological interests. Turner v. Safley, 482 U.S. 78, 89–90 (1987); Tubbs v. Payton, No. 23-1042, 2023 WL 8174272, at *2 (6th Cir. Nov. 20, 2023) (applying the Turner factors to the plaintiff's First Amendment claim that prison officials wrongfully withheld a book that he received through prison mail); see also Bethel v. Jenkins, No. 16-4185, 2017 WL 4863118 (6th Cir. Sept. 22, 2017) (applying the Turner factors to a similar claim).

Here, Thomas received a Notice of Package/Mail Rejection indicating that all four books were rejected by Defendant Dullock. Defendant Trine held a hearing on the mail rejection and upheld the rejection because "prisoner shall not be permitted to purchase or order goods or services on a credit or cash-on delivery (i.e., C.O.D.) basis. Prisoner shall not possess accounts at financial institutions or use credit cards." Compl. at PageID.8. Bush and Floyd upheld the rejection on appeal. Thomas maintains that he was not using the books for an improper purpose—he is earning a Business Administration degree so that he may open a business upon his release from prison.

At this early stage, the Court concludes that Thomas has set forth a plausible First Amendment claim against Defendants Dullock, Trine, Floyd. and Bush. Accordingly, Thomas's claim against these Defendants for the book rejection survives screening.

### IV. CONCLUSION

For the reasons stated, Thomas's claims against Defendants Flynn and Warner are **DISMISSED** for failure to state a claim. Defendants Flynn and Warner are **DISMISSED** from the Complaint.

The Court further concludes that any claims based on the denial of grievances are **DISMISSED**.

Lastly, the Court concludes that Thomas's First Amendment claims against Defendants Dullock, Trine, Floyd, and Bush are not subject to dismissal and will proceed.

SO ORDERED.

Dated: January 22, 2026  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2026.

s/Joseph Heacox  
JOSEPH HEACOX  
Case Manager